Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Sutie 200
Culver City, CA 90230
310-997-0470
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| TANYA R. MCCRAY,<br><br>        Plaintiff,<br><br>   v.<br><br>IQ DATA INTERNATIONAL, INC.,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** |

## **COMPLAINT**

**NOW COMES** TANYA R. MCCRAY ("Plaintiff"), by and through her undersigned counsel, complaining of IQ DATA INTERNATIONAL, INC., ("Defendant"), as follows:

## **NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*

1

**JURISDICTION AND VENUE**

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331as the FDCPA is federal statute.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391b(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial circuit.

**PARTIES**

4. Plaintiff is a natural person, over 18-years-of-age, that at all times relevant resided in this judicial district.

5. Defendant is a prominent debt collection agency that specializes in the collection of unpaid rents allegedly owed by consumers to third party property owners.

**FACTUAL BACKGROUND**

6. Plaintiff is a traveling nurse that took on employment in California.

7. While employed in California, Plaintiff was a resident at the Park Crossing apartment complex.

8. In 2020, Plaintiff traveled home to her home state Alabama.

9. Upon returning to her apartment in California, Plaintiff discovered that her apartment was infested with bed bugs.

10. Plaintiff incurred significant expenses in her efforts to eliminate the bed bug infestation.

11. Plaintiff was unable to eliminate the bed bug infestation and ultimately moved out of the apartment.

12. In 2022, Defendant began placing collection calls to Plaintiff in an attempt to collect an alleged debt arising from Plaintiff's lease with Park Crossing ("subject debt").

13. On or around April 20, 2022, Defendant placed a collection call to Plaintiff's telephone number ending in 2263.

14. During this call, Defendant aggressively inquired as to when Plaintiff would pay the subject debt.

15. Plaintiff was bewildered by Defendant's aggressive collection attempts as she disputed owing the subject debt.

16. Accordingly, Plaintiff disputed the subject debt and requested that Defendant provide proof that Plaintiff owes the subject debt or otherwise validate the debt.

17. Defendant refused to substantively address Plaintiff's request for validation of the subject debt and vaguely stated that Defendant previously sent correspondences to Plaintiff that prove she owes the debt.

18. Moreover, Defendant informed Plaintiff that Defendant is not required to provide any further proof of the subject debt.

19. Frustrated with Defendant's dismissive response, Plaintiff requested that Defendant mail her information regarding the subject debt to her new address in California.

20. After Plaintiff provided Defendant her address in California, Defendant advised Plaintiff that since Plaintiff now resides in California, Defendant could garnish her wages, something that Defendant was allegedly unable to do when Plaintiff resided in Alabama.

21. Distressed by Defendant's threats, Plaintiff immediately terminated the call.

## **DAMAGES**

22. Defendant's threats to garnish Plaintiff's wages caused Plaintiff to live in a perpetual state of fear as she was misled into believing that Defendant had the legal right to garnish her wages without filing a lawsuit.

23. Defendant's false threats caused Plaintiff significant emotional distress and caused Plaintiff to fear each pay period as she was misled into believing that her wages were in imminent danger of garnishment.

24. Concerned with Defendant's abusive collection practices, Plaintiff retained counsel to compel Defendant to cease its abusive debt collection practices.

# COUNT I –
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff incorporates all preceding Paragraphs as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) because it allegedly arises from a housing lease.

28. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; (2) it regularly collects consumer debt owed to others; and (3)Defendant used the mail to attempt to collect the subject debt.

29. Defendant's communications with Plaintiff were made in connection with the collection of the subject debt.

30. Defendant violated 15 U.S.C. §§1692e, e(5), e(10), and f through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692e**

31. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. §1692e.

32. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to "take any action that cannot be legally taken or that is not intended to be taken." 15 U.S.C. §1692e(5).

33. Section 1692e(10) of the FDCPA prohibits a debt collector from using any "false representation or deceptive means to collect or attempt to collet any debt." 15 U.S.C. §1692e(10).

34. Defendant violated §§ 1692e, e(5), and e(10) by falsely representing/implying that Defendant could garnish Plaintiff's wages. The representation was false because Defendant has no standing to bring legal action against Plaintiff and/or garnish Plaintiff's wages because the subject debt is not owed to Defendant.

35. Even if Defendant had standing to bring legal action against Plaintiff, the threat was still false and misleading because Defendant could not garnish Plaintiff's wages without first obtaining a judgment against Plaintiff. Defendant's threats were made despite the fact that no judgment had been entered against Plaintiff. Accordingly, Defendant's threats to garnish Plaintiff's wages were objectively false and misleading as garnishing Plaintiff's wages was a factual and legal impossibility.

**b. Violations of FDCPA § 1692f**

36. Section 1692f of the FDCPA prohibits a debt collector from using unfair and unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f.

37. Defendant violated §1692f of the FDCPA by unfairly and unconscionably threatening to garnish Plaintiff's wages when garnishment was not a factual or legal possibility.

38. Defendant's false threats were made with the sole purpose of instilling fear into Plaintiff and coercing Plaintiff to pay the subject debt.

39. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

    **a.**    An award of statutory damages in the amount of $1,000.00;

    **b.**    An award of compensatory damages;

    **c.**    An order enjoining Defendant from further communications with Plaintiff;

    **d.**    An award of reasonable attorney's fees and costs; and

    **e.**    Any further relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

| | |
|---|---|
| Dated: June 7, 2022 | Respectfully submitted,<br><br>TANYA R. MCCRAY<br>_/s/Nicholas M. Wajda_<br>Nicholas M. Wajda<br>WAJDA LAW GROUP, APC<br>6167 Bristol Parkway<br>Sutie 200<br>Culver City, CA 90230<br>310-997-0470<br>nick@wajdalawgroup.com |