Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
ataylor@sulaimanlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA R. MCCRAY,<br><br>Plaintiff,<br><br>v.<br><br>IQ DATA INTERNATIONAL, INC.<br><br>Defendant. | Case No. 2:22-cv-00993-JDP<br><br>**UPDATED JOINT STATUS REPORT**<br><br>**SCHEDULING CONFERENCE**<br>**Date: September 8, 2022**<br>**Time: 10:00 a.m.** |

Pursuant to the Court's November 22, 2022 Order [Dkt. 13], the Parties jointly submit the following Updated Joint Status Report as follows:

**(a)** **Factual and Legal Contentions:**

**i. Plaintiff:** Plaintiff alleges that Defendant violated multiple sections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*., by falsely representing/implying that Defendant could garnish Plaintiff's wages. The representation was false because Defendant had no standing to bring legal action against Plaintiff and/or garnish Plaintiff's wages because the subject debt is not owed to Defendant. Moreover, even if Defendant had standing to bring legal action against Plaintiff, the threat was still false and misleading because Defendant could not garnish Plaintiff's wages without first obtaining a judgment against Plaintiff. Defendant's threats were made despite the fact that no judgment

1

had been entered against Plaintiff, let alone a pending lawsuit in which a judgment could be entered. Accordingly, Defendant's threats to garnish Plaintiff's wages were objectively false and misleading as garnishing Plaintiff's wages was a factual and legal impossibility.

**ii. <u>Defendant</u>:** As set forth more specifically in IQ Data's Answer and Affirmative Defenses, IQ Data International, Inc. ("IQ Data") generally denies the allegations contained in Plaintiff's Complaint and believes it has not violated any section of the FDCPA in its interactions with Plaintiff. IQ Data has raised bona fide error under 15 U.S.C. 1692k(c) as an affirmative defense in this matter.

**(b)** **Possible Joinder of Additional Parties:** None at this time.

**(c)** **Expected Amendment of Pleadings:** Plaintiff may amend her complaint to add claims if discovery reveals additional claims. The Parties propose an amendment deadline of **March 30, 2023**.

**(d)** **Jurisdiction and Venue:** The Court has federal question jurisdiction. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391b(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial circuit.

**(e)** **Anticipated Motions and Their Scheduling:** Plaintiff intends on seeking leave to amend her complaint if discovery reveals additional violations of the FDCPA. The Parties propose an amendment deadline of **March 30, 2023.**

**(f)** **Proposed Discovery Plan:**

**i. Rule 26(a)(1) Disclosures:** On or before December 27, 2022.

**ii. Deadline to Issue Written Discovery:** January 30, 2023.

**iii. Expert Disclosures:** N/A

**(g)** **Proposed Cutoff Dates for Completing Discovery and Dispositive Motions, and Dates for the Pretrial Conference and Trial:**

    **i. Discovery Cutoff:** April 28, 2023.

    **ii. Dispositive Motion Cutoff:** May 31, 2023.

    **iii. Pretrial Conference:** July 2023.

    **iv. Trial:** August 2023 (but not August 1-3 or August 21-25)

**(h)**  **Proposed Changes to Discovery Limits Imposed by the Fed. R. Civ. P.:** None.

**(i)**  **Estimated Trial Length:** 2 days

**(j)**  **Related Cases or Bankruptcy Cases:** None.

**(k)**  **Whether an Early Settlement Conference Should be Scheduled at the Initial Scheduling Conference:** An early settlement conference would be productive in light of the Parties' respective positions.

**(l)**  **Whether Counsel Will Stipulate to the Undersigned Acting as the Settlement Judge and Waive Disqualification From So Acting, or Whether the Parties Prefer to Have a Different Magistrate Judge Conduct a Settlement:** The Parties so stipulate to the undersigned acting as the settlement judge.

**(m)**  **Any Other Matters That May Add to the Just and Expeditious Disposition of this Matter:** None.

DATED: December 6, 2022        Respectfully submitted,

TANYA R. MCCRAY,          IQ DATA INTERNATIONAL, INC.,

*/s/ Alexander J. Taylor*         */s/ Rick Smith*
Alexander J. Taylor, Esq        Rick Smith (SBN 298556)
Sulaiman Law Group, Ltd.        MARKUN ZUSMAN & COMPTON LLP
2500 S. Highland Ave, Suite 200     465 California Street, Suite 401
Lombard, IL 60148          San Francisco, California 94104
Telephone: (630) 575-8181       Telephone: (415) 438-4515
Facsimile: (630) 575-8188        Facsimile: (415) 434-4505
ataylor@sulaimanlaw.com        *Counsel for Defendant*
*Counsel for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2022, I caused a copy of the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will be sent to all attorneys of record.

*/s/ Alexander J. Taylor*